# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EMMANUEL S. SAXIONES,
　　　　　Appellant,

　　　　v.

OFFICE OF PERSONNEL
　MANAGEMENT,
　　　　　Agency.

DOCKET NUMBER
DA-0831-14-0460-I-1

DATE: January 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Norman Jackman, Esquire, Cambridge, Massachusetts, for the appellant.

Christopher H. Ziebarth, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant previously filed an appeal challenging the final decision of the Office of Personnel Management (OPM) that recomputed his Civil Service Retirement System (CSRS) annuity benefits by eliminating credit for his post-1956 military service.  *Saxiones v. Office of Personnel Management*, MSPB Docket No. DA-0831-13-0299-I-1, Initial Decision (0299 ID) at 1 (August 20, 2013).  On July 30, 2013, OPM notified the Board and the appellant that it had rescinded the final decision and that it would provide the appellant with an opportunity to make the deposit for his post-1956 military service.  0299 ID at 2.  Because OPM had completely rescinded its decision, the administrative judge dismissed the appeal for lack of jurisdiction.  0299 ID at 2-3.  In the initial decision, the administrative judge noted that the appellant could file a new appeal if OPM did not provide the appellant with a new decision within 90 calendar days of the date the decision became final, which was September 24, 2013.  0299 ID at 3 n.1.

¶3     On June 6, 2014, the appellant filed the present appeal pursuant to the administrative judge's footnote given that OPM had not provided him with a new decision concerning his retirement annuity calculations or notified him of the amount to be deposited in order to receive credit for his post-1956 military service. Initial Appeal File (IAF), Tab 1 at 1, 4-5. In response, OPM asserted, among other things, that it was trying to obtain information regarding the amount of the deposit for his post-1956 military service from the Defense Finance Accounting Service Center (DFAS) and that it was dependent on that agency to provide the necessary documentation. IAF, Tab 6 at 4-5. It also stated that it had not yet produced any decision that would bring the appeal within the Board's jurisdiction. *Id.* at 5.

¶4     In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). He found that OPM indicated that it still intended to issue a decision but needed further information from DFAS to verify the appellant's military earnings before it could calculate the deposit amount. ID at 3. He additionally found that, although a substantial amount of time had passed since OPM represented that it would provide the appellant with an opportunity to make a deposit for his military service, OPM had not refused or improperly failed to issue a final decision. ID at 3. The administrative judge therefore found it appropriate under the circumstances to allow OPM to issue a final decision in the matter. ID at 3. The administrative judge also noted that, to the extent the appellant was raising issues regarding the calculation of his retirement annuity that were not related to his deposit for military service, those issues were duplicative of a previously-filed appeal that was pending before the Board, *Saxiones v. Office of Personnel Management*, MSPB Docket No. DA-0831-11-0627-I-2. ID at 3-4 n.2. He therefore dismissed those issues on the grounds of adjudicatory efficiency. ID at 3-4 n.2.

¶5 The appellant has filed a petition for review in which he argues that the Board should demand OPM take immediate action to provide him his proper annuity. Petition for Review (PFR) File, Tab 1. OPM has filed a response in opposition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board's jurisdiction over CSRS retirement cases is granted by 5 U.S.C. § 8347(d)(1), which states "an administrative action or order affecting the rights or interests of an individual or of the United States under this subchapter [subchapter III of chapter 83] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 10 (2012). The Board generally has jurisdiction over a determination on the merits of a retirement matter only after OPM has issued a final decision. *Id.* Nevertheless, the Board has found jurisdiction in retirement appeals despite the absence of a final decision from OPM where OPM has improperly failed or refused to issue a reconsideration decision after issuing an initial decision. *Id.*, ¶ 11.

¶7 Here, the administrative judge found that the evidence indicated that OPM intended to issue a final decision in the matter. ID at 3. He also found that OPM had not refused or improperly failed to issue a final decision under the circumstances. ID at 3. We agree with these findings. IAF, Tab 6. Accordingly, the administrative judge properly dismissed the appeal for lack of jurisdiction and the Board, consequently, lacks the authority to order OPM to take immediate action as the appellant requests.[2] *See McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 71-75 (despite OPM's long delay in issuing a final appealable decision, the Board lacked jurisdiction because OPM explained its

---

[2] To the extent that the appellant challenges the administrative judge's dismissal of any claims that are duplicative of the claims he raised in MSPB Docket No. DA-0831-11-0627-I-2, we agree with the administrative judge's finding to dismiss those claims on the grounds of adjudicatory efficiency. ID at 3-4 n.2; *see Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 6 (2006), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007).

delay and expressed an intent to issue a reconsideration decision), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.